Fuchsberg, J.
(concurring). While I am in accord with the practical considerations that motivate Chief Judge Cooke’s opinion and agree that the three convictions with which it deals should be upheld, I respectfully suggest that the reputation of the particular neighborhood in which illegal conduct happens to occur should not be a significant factor in finding probable cause.
Arrests are made of individuals, not of neighborhoods. When we single out the latter, more likely than not congested areas peopled in the main by those who are socially *607 and economically deprived, we subject all its residents, the vast majority of whom are sure to be free of criminal taint, to an immeasurably greater risk of invasion than those who live elsewhere. The inevitable result is a measurable abridgement of the Fourth Amendment’s protection against police intrusions conducted without sufficient justification. As California’s Supreme Court, which has given much attention to this question, has had occasion to note, “giving substantial weight to the perceived crime rate of an area may constitute a self-fulfilling prophesy” (Cunha v Superior Ct. of Alameda County, 2 Cal 3d 352, 357, n 1, citing President’s Commission on Law Enforcement and Administration of Justice: Task Force Report, Crime and its Impact — An Assessment, p 22).
This is not to say that the police should not be alert to their environment, but that is a different thing from allowing neighborhood to make the difference between seizing and searching a person or respecting his or her right to be let alone. A distinguished scholar has explained that such a standard is almost sure to make the chances high that the honest citizen will be mistaken for — and treated as— a suspected criminal (see Skolnick, Justice Without Trial, pp 217-218).
In my opinion, vigorous narcotics law enforcement can accomplish its goals without paying this price.
Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur with Chief Judge Cooke; Judge Fuchsberg concurs in a separate opinion.
In People v McRay: Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
In People v Charles J.: Order affirmed.
In People v Hester: Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.